ALEXANDER & HOWELL, plaintiffs in error, *vs.* WILLIAM C. LIETH, defendant in error.

When, upon the trial of a cause, a mortgage deed, which had been recorded, was offered in evidence, and objected to on the ground that it did not appear to have been stamped, and the party offering the mortgage deed proved that the deed had been stamped according to law: *Held*, that the Court should have submitted the question of fact to the jury under the evidence, whether the deed had been stamped or not, as required by law, under the charge of the Court upon that point.

*Held*, also, that when the deed, showing a settlement between the parties, was offered in evidence, the Court should have left the question to the jury, as to whether the deed was delivered or not, under the evidence contained in the record, and have charged the jury as to the law applicable to that point in the case.

When there is any evidence as to the delivery of a deed, it is a question of fact for the jury, and not for the Court, to decide upon the facts whether there had been a delivery of the deed: *Held*, further, that when an instrument is offered in evidence, required by law to be stamped, and, by the act of one of the parties, the stamp is *prevented* from being put on the deed, the party so preventing shall not be heard in objecting thereto ; but if the Court shall be satisfied that there was no intention to defraud the government of its revenue, the Court may, in such a case, allow the proper stamp to be placed on the instrument at the time of the trial.

Equity. Conveyancing, etc. Stamps. Tried before Judge HARRALL. Early Superior Court. April Term, 1869.

Leith, by bill, made the following averments : About the 1st of January, 1867, he rented a plantation from John Gilbert, agreeing to pay him, as rent, twenty bales of cotton, and on the 17th of April, 1867, made a mortgage to Gilbert to cover the amount of rent and the liability of Gilbert, as

Alexander & Howell *vs.* Leith.

Leith's security, to James H. Wade, for $650 00, and certain other matters therein mentioned. Afterwards Leith and Gilbert agreed to recind that contract, and, in lieu of it, Gilbert agreed to take but ten bales of cotton, worth say $500 00. After this, with full knowledge of the facts, Alexander & Howell took from Gilbert a transfer of said mortgage, which transfer is fictitious and fraudulent. He paid eight of said bales of cotton, and would have paid the other two, in a few days, but for Alexander & Howell having foreclosed said mortgage, and levied on said cotton and his other property. This levy was made on the 26th of December, when the demand was not due till the 1st of January thereafter, and in order to force Leith to settle on their terms. This foreclosure was under the Act of the 15th of December, 1866, upon an affidavit made before a Judge of the County-Court, which was wrong, because the paper was a mortgage, and not a factor's lien, and he wished, by *certiorari*, to correct this error, but was unable to give security, etc.

After all this, Alexander & Howell attempted to settle with Leith, and Leith agreed to convey to them certain lands in Early county, they paying him $500 00 and some other property. The deed, in the presence of all parties, was handed, by the attorney of Alexander & Howell, to the Clerk of the Superior Court of said county. The Clerk said he would not receive it unless it was stamped. Leith said he would not deliver it until the money was paid, which Alexander & Howell refused to pay, and he took the deed. Alexander & Howell sued out process, before the County-Judge, for the deed. He ordered it delivered to them, and, upon Leith's refusal to obey, the County-Judge ordered him to jail. On the trial, it appears the deed was in the hands of a Receiver who had been appointed by the Chancellor. He prayed for injunction against the sale, that the deed be cancelled, that the *fi. fa.* and mortgage be annulled, and that Alexander & Howell take the two bales of cotton in full payment of said mortgage, etc. (The paper was exhibited, but whether it was a mortgage or factor's lien, is not material here.) Answer was waived. The defendants did answer,

however.  In that, they said that the mortgage was, by Gilbert, transferred to Alexander & Howell for value, that Gilbert had not changed the original contract in any way, and the full amount of it is due, except what has been paid, that they foreclosed because they were informed that Leith was about to run his personal property away.  As to the subsequent trade, Alexander & Howell said that Leith came and proposed to settle with them, and they agreed on a settlement, and put its terms in writing.  According to said agreement, Leith executed and delivered to them a deed to three lots of land, mentioned in said mortgage or lien, and when the Clerk, (to whom the deed was handed to be recorded,) remarked that the deed must be stamped before it could be recorded, Alexander & Howell left the Clerk's office, one of them to get the stamp, and the other to order the sheriff to give up the property levied on, to Leith, as they had agreed to do.  Leith hurriedly pocketed the deed, and left town. They offered to pay the $500 00, and, in all things, to comply with their said agreement, but Leith would not comply. They admitted suing out possessory warrant for the deed and the proceedings under it as stated.

When the cause came on for trial, Leith's solicitor read the bill and exhibits, examined Leith as a witness, and closed. Defendants' solicitors then offered in evidence the original mortgage and transfer as evidence.  It was objected to because the mortgage was not stamped, and the objection was sustained.  They then proved that, at the time the mortgage was executed, there were no stamps at hand which the parties could get, and that Leith authorized Gilbert to stamp it when he could get stamps, that Gilbert did afterwards get stamps and put them on said mortgage about the time of its transfer to Alexander & Howell.  The witness said he did not remember the amount of the stamps, but that he got them from the United States Revenue Collector, who wrote the mortgage, and he supposed it was the correct amount; he thought it was $1,50.  They also showed, by Howell, Perry, Gilbert and Jones, that the mortgage had been stamped.  They then showed, by a witness, that Lieth had taken the papers, includ-

ing the mortgage, out of the Clerk's office, by an order of Kennon, his attorney, saying he was going to take them to Kennon, and, after keeping them out some time, but without taking them to Kennon, brought them back to the office. They further showed that, after the mortgage was delivered, he had, in part performance of the contract, let Leith have supplies, etc., and that after the transfer of the mortgage to Alexander & Howell, and after Leith knew of said transfer, they supplied him with provisions, etc., amounting to $1,-217 00, in part performance of the agreement and mortgage. They then offered to stamp said mortgage in the presence of the Court, and then again offered to read the mortgage and transfer thereof in evidence. It was objected to on the ground that it was not stamped, and the mortgage and transfer were ruled out. They then offered, as evidence, the proceedings of foreclosure and the mortgage *fi. fa.*, and enties thereon, which were objected to because they were founded upon a void mortgage. The Court sustained the objection. They then offered in evidence the said agreement as to settlement. Upon objection being made, it was ruled out, because it was not stamped. They then offered to prove, by oral testimony, that, after making the original rent contract, Leith agreed with Gilbert to give him a lien on his crop and mules and land and other property named in said mortgage, to secure the payment of said twenty bales of cotton promised for rent and for the advances made, and to be made by Gilbert, as set out in said mortgage, and to indemnify him for having stood security for Leith, on a note for $650 00, to Wade for mules to cultivate said farm, and for the other purposes set out in said mortgage. All this was objected to, upon the ground that it was all in writing, to-wit: in said mortgage. The Court, for that reason, rejected the evidence. They also offered to prove by parol the facts stated in said unstamped agreement as to settlement. This being objected to on the same ground, was likewise ruled out. The notes, which said mortgage was intended to secure were offered as evidence, and rejected because they were not stamped.

The defendants then showed that, to carry out the previ-

ous understanding, the parties had repaired to the Clerk's office, had caused the deed to be drawn, and that Leith had signed it, knowing fully its contents, that the witnesses had attested it, and the attorney of Alexander & Howell, who drew the deed, handed the deed across the table to the Clerk for recording, without having handed it back to Leith or having been instructed by Leith to do so; that the Clerk said it needed stamps before being recorded, and Howell had gone across the square for the stamps, and then Leith took up the deed and carried it away. This evidence being in, and said deed being offered in evidence, the Court held that there was no sufficient evidence of a delivery of the deed, and he rejected the deed upon that ground.

There was other testimony and other rulings, but they are not pertinent to the questions decided by the Court. The evidence being closed, the Judge charged the jury that the mortgage and judgment were illegal, null and void, and the jury would decree injunction against proceedings under them; that the contract was illegal, and no rights passed under it; that the deed had not been executed, and, therefore, the jury should decree its cancellation; that the said process was void, and any property taken under it should be restored to Leith, etc. The jury found in favor of Leith, against Alexander & Howell, and decreed that the property levied on should be restored to Leith.

The defendants moved for a new trial, upon the ground that the Court had erred in each of said rulings, and in each proposition in said charge, etc. The new trial was refused, and error was assigned on each of said grounds.

J. E. BOWER, FIELDER & POWELL, T. F. JONES, for plaintiff in error.

A. HOOD, RICHARD SIMS, for defendant.

Alexander & Howell *vs.* Leith.

WARNER, J.

This case comes before the Court upon a motion for a new trial in the Court below, which was refused, and for that refusal error is assigned here. There were various questions made upon the record in this case, which presents a very complicated and confused statement of facts. Our judgment will be confined to the points in the case, upon which we grant the new trial. When the mortgage deed was offered in evidence, it was objected to, on the ground that it had no revenue stamp on it. The mortgage had been *recorded,* and was proved to have been stamped, and it was shown that it had been in Leith's possession, he having got it out of the Clerk's office. Under this statement of facts, the Court ruled out the mortgage on the ground that it was not *then* stamped. In our judgment, the Court should have admitted the mortgage deed in evidence to the jury, and have submitted the question of fact under the evidence, whether the deed had been stamped or not, as required by law, and to have instructed the jury, in its charge to them, upon that point in the case. If the deed had been legally stamped, as the witnesses stated, and the stamps had been taken therefrom, *fraudulently* or otherwise, then the deed ought not to have been rejected, for the law requiring the deed to be stamped, had been complied with. When the deed of settlement between the parties was offered in evidence, it was objected to upon two grounds. First, that it never had been delivered. Second, that it was not stamped. The facts, as the same appear from the evidence in the record, are that the parties, having agreed on the terms of settlement, went to the Clerk's office to execute the deed. The deed was written by the attorney of Alexander & Howell, signed by Leith, with a full knowledge of its contents, and was attested by the subscribing witnesses. The attorney who drew the deed, did not *formally* hand it to Leith, but, after it was executed, all the parties being present, he handed it to the Clerk of the Court for record, who said it must be stamped before being recorded. Howell then went out across the

square, to get the stamps to put on it, and while he was gone, Leith took up the deed and carried it off. Under this state of facts, we think the Court should have let the deed go in evidence to the jury, and have left the question of the delivery of the deed to them, under its charge as to the law applicable to that point in the case. When there is *any evidence* as to the *delivery* of a deed, it is a question of fact for the jury, and not a question for the Court to decide whether there has been a delivery of the deed: 1st Greenleaf's Ev., sec. 49 ; 2nd Greenleaf's Ev., sec. 295.

If the deed offered in evidence, was prevented from being stamped by the act or conduct of one of the parties to it, the party so preventing ought not to be heard in objecting thereto ; but the Court may, in such a case, if satisfied that there was no intention to defraud the government of its revenue, allow the proper stamp to be placed on the instrument, at the time of the trial, by the party seeking to introduce it in evidence. Upon these several points referred to in this opinion we think the Court below erred, and that a new trial should be granted.

Let the judgment of the Court below be reversed.