### LOWRYS *vs.* CANDLER, executor.

An agent not a party to a suit is a competent witness to show his agency, not disclosed at the time of the transaction in controversy, although his principal may be dead, and although the effect of establishing the agency may be to make the estate liable instead of the agent individually.

Witness. Evidence. Principal and agent. Before Judge HILLYER. Fulton Superior Court. September Term, 1878.

Reported in the decision.

E. N. Broyles; B. F. Abbott, for plaintiff in error.

Candler & Thomson, for defendant.

Warner, Chief Justice.

The plaintiffs brought their action against the defendant to recover damages in consequence of the alleged sale by the defendant to them of a bond purporting to be a bond of the state of Georgia for $1,000.00, representing the same to be a good, true and valid bond of said state, whereas said bond was a bad, spurious bond, and of no value whatever. On the trial of the case the jury found a verdict for the defendant. A motion was made for a new trial on the grounds therein stated, which was overruled, and the plaintiffs excepted.

It appears from the evidence in the record, that the bond was sold and delivered to the plaintiffs by one McCaslin as his own property so far as was known or disclosed at the time of the sale thereof, and that the money, $350.00, was paid to him by the plaintiffs therefor, and that sometime after the sale one of the plaintiffs went to McCaslin and said to him, "he would have to come back on him for that bond, that he had failed to sell it and that it was an illegal bond." The plaintiffs then proposed to prove by McCaslin "that I sold for T. W. J. Hill what purported to be a bond of the state of Georgia. Hill came to my store and told me that he had a state of Georgia gold bond and desired me to take the bond to W. M. and R. J. Lowry, and see what they would give for it, and for me to let him know what they would give for the bond, and not to tell them whose it was. I reported back to Hill and he told me to take the bond over to the Lowrys again and sell it to them, which I did, receiving for the bond $850.00 in currency, which amount I handed to said Hill at this time. Hill said nothing more to me respecting said bond. I gave the money to T. W.

J. Hill." This evidence was ruled out by the court on the ground that Hill was dead, and that is the main ground of error insisted on here.

The question presented in the record in this case is one which has never been decided by this court under the evidence act of 1866. Code, §3854. The precise question is, whether an agent having a mere naked authority to sell, is a competent witness to prove his agency after the death of his principal, when he failed to disclose his agency at the time of the sale? If an agent fails to disclose his principal, yet, when discovered, the person dealing with the agent may go directly upon the principal under the contract, as the plaintiffs have done in this case. Code, §2197. The agent is a competent witness either for or against his principal, his interest goes to his credit. Code, §2206. Thus stood the law at the time of the passage of the act of 1866. McCaslin, the agent, is not one of the original parties to the contract or cause of action in issue or on trial, he is not *the other party* to the contract or cause of action in issue or on trial, as contemplated by the statute; the plaintiffs are the other parties to the contract or cause of action in issue or on trial who are not admitted to testify in their own favor—Hill, the other party, being dead. But it is said that inasmuch as McCaslin, the agent, did not disclose his agency at the time he sold the bond to the plaintiffs, that the effect of his testimony will be to discharge himself from liability and cast the same on the estate of Hill, the dead man. The reply is, that the same result would have obtained under the law as it existed at the time of the passage of the act of 1866. The estate of the deceased testator is in no worse condition now by allowing the agent to prove his own agency than it would have been under the law as it existed prior to the act of 1866. Before the passage of that act the deceased testator could not, if living, have been a witness in his own favor, although the agent was a competent witness to prove his own agency as against him. The well settled rule of law which makes an agent a competent wit-

ness either for or against his principal, originated in the necessity of the case, and it is not repealed or abrogated by the death of the principal so as to render the agent an incompetent witness to prove his agency. The result therefore is that McCaslin was a competent witness to prove his own agency in the sale of the bond to the plaintiffs, as well as the acts done by him within the scope of his authority as such agent in connection therewith. The credibility of his evidence will be a question for the consideration of the jury.

Let the judgment of the court below be reversed.

JACKSON, Justice, concurred on the ground that McCaslin was the agent of the dead party, and by allowing him to testify both parties to the contract would be heard. Had he been the agent of the Lowrys, the living parties, he would have held the witness incompetent.