### DAVIS, administrator, *et al. vs.* McLESTER.

1. Where in a proceeding to reform a deed at the instance of a daughter against the vendor and the administrator of her deceased husband, it appeared that the father of complainant paid the purchase money and the deed was made to the son-in-law, and the question was whether or not it should have been made to him as trustee for his wife, the death of the son-in-law did not prevent the father, who paid the money, from testifying as to instructions given by him to the deceased in regard to the manner of taking the title, while the latter was acting as his agent for that purpose.
2. The verdict is not contrary to evidence.

Witness.    Evidence.    Verdict.    Before Judge CRAWFORD.    Stewart Superior Court.    October Term, 1879.

Reported in the decision.

J. F. POU ; PEABODY & BRANNON, for plaintiffs in error.

W. A. LITTLE, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants praying for the reformation of a deed conveying certain described property, made by Shipp to McLester, the husband of complainant, on the allegations contained

in said bill. On the trial of the case, the jury found a verdict in favor of the complainant. A motion for a new trial was made on the grounds therein stated, which was overruled, and the defendants excepted.

It appears from the evidence in the record that Battle, who was the father of the complainant, paid the money to Shipp for the property mentioned in the deed, and, as the complainant alleges, with instructions to have the deed made to McLester, her husband, as trustee for her use and benefit, whereas the deed was made to McLester absolutely, contrary to the instructions of her father, who paid the money. There was no dispute as to the fact that complainant's father paid the money for the property, but the controverted question in the case was whether the deed, according to the instructions of the complainant's father, was to have been made to McLester in trust for the use and benefit of his wife, or whether it was to have been made to McLester just as it was made, without any trust for his wife.

1. One of the grounds of error complained of in the motion was in admitting in evidence the following testimony of Thomas W. Battle, over defendants' objections, McLester being dead, to-wit : " I then requested McLester to see if Shipp would sell his interest in the land and personal property and let me know, and if he would do so on fair terms I would buy it for the use and benefit of his wife, my daughter, and make his wife equal to him, and he could then run the whole place for their mutual benefit. I instructed him (McLester) to take the deed in his name as trustee for the use and benefit of his wife. I did intend it to be a gift to my daughter, and thought that it was all arranged according to my wishes." The original parties to the contract in issue on trial, as made by the record in this case, were the complainant and Shipp, McLester being only the agent of Battle to make the contract with Shipp for the use and benefit of the complainant, as he was instructed to do. This case comes within

the principle ruled by this court in the case of *Lowrys vs. Candler, executor*, decided at the last term, not yet reported.

2. There is some conflict in the evidence as to how the deed was to have been made, but in view of the undisputed fact that Battle paid to Shipp through McLester, his agent, who negotiated the trade, $3,066.75, for the property, it is not at all unreasonable or improbable that he should have given instructions to have had the deed made to McLester as trustee for the use and benefit of his daughter, as stated by him in his testimony, and corroborated by the evidence of Wooldridge, who appears to have been a disinterested witness. Therefore, the verdict was not, in our judgment, so strongly and decidedly against the weight of the evidence contained in the record as to authorize this court to interfere and set it aside, and it is very doubtful whether the verdict is contrary to the weight of the evidence when carefully scrutinized. There was no error in overruling the defendants' motion for a new trial.

Let the judgment of the court below be affirmed.