Blandford, J.
1. Where certain iron works were leased on certain terms provided in the contract, among which was a stipulation that the property was not to be encumbered for more than $25,000, and that the owners should not be personally liable beyond the property specified; and where*the lessee bought corn and gave an acceptance therefor signed by him as lessee, and subsequently suit was brought therefor against the executors of one of the owners, who had died, and the other owners, the lessee was not a competent witness, either at the common law or under the Code, to prove that the leasejhad been rescinded, that the owners had appointed him their agent, that while so acting the corn was purchased for the benefit and use of the owners, and that he did not disclose his agency. Code, §3854; 72 Ga., 143.
(a) This case differs from that in 64 Ga., 236.
2. Certain iron works were held by a trustee for the benefit of certain beneficiaries. A person made a written proposition to the trustee to lease the property on substantially the following terms; He to keep the property for two years at the rate of $3,600,00 per year, payable quarterly; possession to be given immediately; any rent charges to commence April 1st, thereafter; the rent to be paid on condition that the running of the furnace made a sufficient net profit to warrant him in so doing; he to be allowed to charge $100.00 per month for compensation, to be included in the expense account before arriving at the net profit; if the net profit was more than the rent, the overplus was to go to him; if less, the rent was to be rebated' to that a.mount; there was to be.fur* nished to him not more than $25,000, at the rate of seven per cent interest; if the business should' turn out unprofitable, he was to be saved harmless from any balance of the $25,000 that might be due. The real owners met and accepted the proposition in writing, and the trustee was directed to lease the property on the terms proposed, upon condition that the property was not to be encumbered to a greater amount than $25,000. and that no personal liability whatever should attach to the owners of the property beyond or to a greater extent than the property specified.
Held, that the contract was one of lease, and neither created a partnership between the owners and the lessee, nor constituted the latter the agent of the former, nor were the lessors personally liable for any debt contracted by the lessee.
3. The requests to charge on behalf of the plaintiffs in error should *243 have been giv.en, except the third, which was to the effect that a written contract of lease cannot be rescinded verbally, without a change of possession or without a writing dispensing with the same, signed by the lessors. This request might have been proper under the requisite •qualifications.
Frank H. Miller; J. Ganahl; Twiggs & Yerdery, for plaintiffs in ■error.
J. C. C. Black, for defendant.
4. The evidence did not authorize the verdict, even if the testimony of the lessee were properly in. He did not show that the lessors consented or agreed that he might surrender the lease, nor how he be-came their agent; and the owners each owning a particular interest in the property, could not bind each other by the appointment of an ■agent.
Judgment reversed.