Description, and counsel's names, as in case next before.

---

## WHIDDON, administrator, *v.* HALL.

1. Where a person acts as agent or attorney for both parties in a transaction, he is a competent witness, under the Civil Code (1910), § 5858, par. 5, to testify touching such transaction in favor of the surviving party against the other party, or the agent of the latter, who was represented in such transaction by such agent, although both of the latter were dead when such agent or attorney testified.

2. Under said section, the agent or attorney is incompetent to testify against the deceased or insane party in favor of the surviving or sane party, as to transactions or communications had with the latter, only when such agent or attorney represented the surviving or sane party alone.

3. When the evidence was conflicting or doubtful upon the question whether such agent or attorney was the agent or attorney of both parties, or was the agent or attorney of the surviving or sane party alone, the court should have admitted his testimony, and should have instructed the jury to discard and wholly disregard his evidence if they found that he was the agent or attorney of the surviving party alone.

4. The court can not direct a verdict when there is conflict in the evidence.

5. When there is any evidence as to the delivery of a deed, it is a question of fact for the jury, and not a question for the court to decide, whether there has been delivery of the deed.

6. Presumptions in favor of the delivery of a deed arising from its possession by the grantee, its due recordation, its attestation by an officer, and the possession of the premises conveyed under the deed, are evidence of delivery; and, while these presumptions are rebuttable ones, the evidence of an unimpeached witness that the deed was not

delivered raises a conflict between such presumptive evidence of delivery and such direct evidence of non-delivery, which can only be decided by the jury, as it can not be said, as a matter of law, that the jury is bound to accept evidence as true, although not contradicted by direct evidence.

7. The court erred in directing a verdict for the claimant, under the evidence.

No. 3319. MAY 16, 1923.

Claim. Before Judge Eve. Worth superior court. May 23, 1922.

*Perry & Tipton,* for plaintiff.

*Passmore & Forehand* and *Pope & Bennet,* contra.

HINES, J. 1. An attorney at law, on his direct examination, testified in a claim case in behalf of the claimant and against the administrator of the vendee, who was the opposite party, that he was employed by an agent of the vendee to prepare and have executed a deed to lands from the claimant to the vendee, and that, after the deed was executed, by agreement between the vendor and the vendee the deed was placed with him in escrow to be delivered to the vendee upon the performance by her agent of certain terms and conditions, that the agent of the vendee had not fully complied with these terms and conditions, and that the agent obtained from him the deed for the purpose of exhibiting it to the vendee to satisfy the latter of its existence and of the good faith of the agent in this transaction, upon the promise of the agent to return the instrument to the attorney as soon as this purpose was accomplished, which promise the agent did not keep, but violated the same by delivering the instrument to the vendee. On his cross-examination this witness testified that the claimant gave him the deed, and told him to keep it for her until the contract was complied with, and that he was acting for her. The administrator of the vendee objected to this testimony of the attorney, as to the agreement under which the deed was placed with him and as to the failure of the agent to comply with its terms, on the ground that, being the agent or attorney at law of the claimant in the transaction by which the deed was placed with him in escrow, he was incompetent to testify to the above facts in favor of the claimant, who was the surviving party, against the vendee, whose administrator was the opposite party in the case, both the vendee and her agent, with the latter of whom the alleged agreement was made, being dead at the time of the

trial. The court overruled this objection, and admitted the above evidence, holding the attorney to be a competent witness to testify to this transaction between the vendor and the deceased agent of the vendee. Was the attorney, under the above facts, a competent witness to testify to the above facts in behalf of the claimant?

The solution of this question depends upon the proper construction of paragraph 5 of section 5858 of the Civil Code. This paragraph declares that " No agent or attorney at law of the surviving or sane party, at the time of the transaction testified about, shall be allowed to testify in favor of a surviving or sane party, under circumstances where the principal, a party to the cause, could not testify; nor can a surviving party or agent testify in his own favor, or in favor of a surviving or sane party, as to transactions or communications with a deceased or insane agent, under circumstances where such witness would be incompetent if deceased agent had been principal." If this witness was the attorney for the claimant or if this provision embraces mutual agents and the attorneys of both parties, and if this witness was the attorney of both parties, then this witness was incompetent. If this paragraph does not include mutual agents and the attorneys of both parties, and if this witness was the attorney of both parties, then this witness was competent. The agent is a competent witness either for or against his principal. His interest goes to his credit. Civil Code (1910), § 3606. This is the general rule. It was the law at the time of the passage of the evidence act of 1866. *Lowrys* v. *Candler,* 64 *Ga.* 236. That act declared that " the inquiry after truth in courts of justice is often obstructed by incapacities created by the present law, and it is desirable that full information as to the facts in issue, both in civil and criminal cases, should be laid before the persons who are to decide upon them, and that such persons should exercise their judgment on the *credit* of the witnesses adduced for the truth of testimony;" and to remove such incapacities this act provided that " no person offered as a witness shall hereafter be excluded, by reason of incapacity from crime or interest, or from being a party, from giving evidence," except: (1) when one of the original parties to the contract or cause of action in issue or on trial was dead, or shown to be insane, or where an executor or administrator

was a party in any suit on a contract of his testator or intestate, the other party should not be permitted to testify in his own favor; (2) no person charged with the commission of crime should be competent or compellable to give evidence for or against himself; (3) no husband or wife was competent or compellable to give evidence for or against each other; (4) no attorney was compellable to give evidence against his client; and (5) nothing in this act should be applicable to any action, suit, proceeding or bill, in any court, instituted in consequence of adultery, or to any action for breach of promise of marriage." Ga. Laws 1866, p. 138. Thus this act swept away, with the above five exceptions, all incapacities of persons to testify in civil or criminal cases. So under this statute this court held that an agent who made a contract for his principal was a competent witness for his principal, although the other party to the contract was dead, because not testifying in his own behalf. *Scurry* v. *Cotton States Life Ins. Co.*, 51 *Ga.* 624; *Lowrys* v. *Candler*, supra; *Davis* v. *McLester*, 65 *Ga.* 132.

By the evidence act of 1889, the legislature, fearing or feeling that it had gone too far in the act of 1866, took the back track and created some new "incapacities," which obstructed "the inquiry after truth in courts of justice." One of these is the provision now contained in paragraph 5 of section 5858 of the Code of 1910, as amended by the evidence act of 1890. Another was this: "No person who was the agent or mutual friend of both parties, or who acted as attorney or counsel for both parties in any transaction between them, shall be a competent witness for the living party touching such transaction." Ga. Laws 1889, p. 85. By the provision of the act of 1889, now embodied in said paragraph and section of the Code, no agent or attorney at law of either party at the time of the transaction testified about is competent to testify in favor of the surviving or sane party under circumstances where the principal, as a party to the cause, could not testify, that is, such agent or attorney could not testify to transactions or communications had solely with such insane or deceased person; and no surviving party or agent could testify in his own behalf or in behalf of a surviving or sane party as to transactions or communications with the deceased or insane agent under circumstances where such witness would be incompetent if the deceased

agent had been principal. This incompetency still exists, and renders an agent or attorney incompetent to testify in favor of a surviving or sane party under the circumstances above enumerated. The other provision of the act of 1889 above set out rendered the agents or mutual friends of both parties, and attorneys at law who acted for both parties in any transaction between them, altogether incompetent to testify for the living party ·touching such transaction. This provision put a greater incompetency upon mutual agents, mutual friends, and mutual attorneys at law than was put by the act of 1889 upon agents or attorneys at law who did not represent both parties. The act thus drew a distinction between the two classes of agents or attorneys at law. So the agents or attorneys at law referred to in the first provision of this act, now embodied in paragraph 5 of section 5858 of the present Code, are agents and attorneys at law other than mutual agents or mutual attorneys at law. In other words, this provision refers to agents or attorneys at law who acted for one of the parties and not for both. By the evidence act of 1890 (Ga. Laws 1890-91, vol. 1, p. 107), the above provision in reference to mutual agents, mutual friends, and attorneys at law of both parties was stricken out; and the provision set out in paragraph 5· of section 5858 of the Code was enacted.

In view of the above history of these acts, we are forced to the conclusion that the language in the above paragraph of the Code refers to the agent or attorney of one of the parties to a transaction, and not to the agents or attorneys of both parties. The purpose of the legislature seems to have been, when a transaction was had between a party and the agent of another party, to close the mouth of the surviving party when such agent was dead, and to close the mouth of the agent when the party conducting such transaction in his own behalf is dead; and not to close the mouth of a joint agent or of an attorney who acted for both parties in such transaction. In the latter case the interest of the attorney in testifying for or against either party will be presumed to be equal. So we are of the opinion that the attorney who testified in this case, if he was the attorney of both parties, was not incompetent to testify as to the agreement ·between the vendor and vendee by which the deed in question was left with him in escrow, and to the terms and conditions on which he was to deliver the

deed to the vendee. But as there was evidence from which the
jury might reach the conclusion that the witness was the at-
torney of the claimant alone in this transaction, the evidence
should have been admitted with instructions to the jury that they
should disregard it if they found from the evidence that the wit-
ness was the attorney of the claimant alone in holding this deed in
escrow.

2. An administrator advertised land of his intestate for sale
under a proper order of the court of ordinary. A third person
filed a claim thereto. The intestate claimed title to this land
under a deed from the claimant. By an amendment to her claim
the claimant admitted that the intestate, at the time of her death,
was in possession of the premises in dispute under a deed from the
claimant. Claimant also admitted in this amendment that the
intestate, at the time of her death, was in possession of the deed
from the claimant, and that E. D. Whiddon was the duly con-
stituted administrator of the intestate, and was proceeding under
an order granted by the ordinary; and the claimant assumed the
burden of proving that her deed to the intestate was invalid, be-
cause it had never been delivered. On the trial of the case the
claimant introduced in evidence her deed to the intestate, em-
bracing the premises in dispute, dated Nov. 5, 1896, reciting a
consideration of $450, and recorded Jan. 9, 1897. An attorney at
law testified for the claimant, substantially as follows: He pre-
pared the deed from the claimant to the intestate. He, the
claimant, and one Ford, who was acting in this transaction for
the vendee, who was absent, were the only parties present when the
deed was prepared. The claimant and Ford stated to him the
terms of the trade. Ford was to take up certain claims against
the claimant. One was in favor of Sam Farkas for something like
$300. Another was a debt in favor of Dan Clements for some
$300. The agent of the vendee was to take up these claims at a
discount, and the claimant was to have the benefit of such dis-
count. There were two guano notes for $40 each in favor of
William Ford, signed by two negroes and the husband of the
claimant. They were to be paid in full. There was a small
balance, after taking up these debts, which was to be paid to the
claimant in cash. The witness was there at Mr. Ford's instance,
representing him. They agreed that witness should hold the deed

in escrow until Mr. Ford complied with the terms of the agreement; and if he did not, that would entirely void it. This agreement was made between the claimant and Ford in the presence of witness. After that agreement the deed was handed to witness by the claimant, to be held until Mr. Ford complied with his agreement about taking up the debts mentioned and paying the balance of the purchase-money. When Ford complied with the agreement witness was to deliver the deed to him for the vendee. Witness was representing Ford, and not the claimant. He held the deed for a considerable time after that, and after several weeks the claimant made inquiry of him about the matter. He saw Ford, who told witness that he had taken up the Farkas and Clements papers. He brought them and the guano notes for $40 each to witness, and asked witness to take them and deliver the deed to him, which witness declined to do, because the contract between the claimant and him had been reduced to writing and had not been complied with. That contract and the Farkas and Clements papers were destroyed when the office of witness was burned in the fall of 1905. The contract stipulated that these debts were to be paid off at less than their face value, and stated the amount of their discount. Ford did not give witness any claim for the smaller amount mentioned and the balance of the purchase-money to be paid in cash, which was from $75 to $150, according to his best judgment. Witness told Ford he could not close the deal until he complied with the contract. After some time elapsed Ford came to witness and said the vendee, Ford's sister, was worried and had lost faith in him about closing that trade and in getting her a deed. He had told her he had the deed. He wanted to show her the deed in order to let her know he was acting in good faith, and wanted witness to let him have the deed to show her, and said he would bring it back. Witness surrendered it to him for that purpose, and he never did give it back to witness. The next witness saw of the deed the vendee had it. He notified claimant that Ford had gotten the deed and the circumstances under which he got it. She did not ratify that, but demanded the deed from the vendee, and thought it was an improper delivery, as she had not authorized it. She said she had not been paid, and Ford had not complied with his contract at all. On cross-examination witness testified that claimant

gave him the deed and told him to keep it for her until the contract was complied with, to accept those notes for her, and he. accepted them as far as they went. Witness was not acting for both of them, but for her.

The claimant testified that she did not remember when she was last in possession of the premises in dispute. When she moved out she put a tenant in the house, and kept one there two or three years. After this tenant moved out she put Sol Hall in possession. She had never received anything from the attorney as part of the purchase-price of this land. The debts which Ford was to take up were those of her husband.

There was evidence that the guano notes referred to above were the debts of the husband of claimant. It appeared that the vendee died in possession of the premises in dispute, and had lived on them for four or five years prior to her death. At the conclusion of the evidence the court directed a verdict for the claimant; and error is assigned on this direction of a verdict on the ground that it was not demanded by the evidence, and that there were issues of fact that could only be determined by a jury.

The court erred in directing a verdict for the claimant under the facts which, in substance, we have fully set out above. The court can only direct a verdict when it is demanded as directed. There were issues of fact which could only be decided by the jury. There was evidence from which the jury was authorized to find that the attorney who drew the deed from the claimant to the intestate was acting for the claimant in holding this deed in escrow. The jury should have been instructed that if they found that the attorney was acting in this transaction as the attorney or agent of the claimant alone, they should disregard his testimony in regard to the terms and conditions upon which he was to deliver this deed to the vendee, as the agent of the latter, who conducted this transaction in her behalf, was dead.

Again, this deed was recorded. From this, a presumption arises that it had been duly delivered to the grantee. *Parrott* v. *Baker,* 82 *Ga.* 364 (9 S. E. 1068). The record of a deed is proof of delivery. *Fletcher* v. *Horne,* 75 *Ga.* 134. The fact that a deed was attested by a proper officer and purported on its face to have been delivered raises a presumption of delivery. *Bourquin* v. *Bourquin,* 110 *Ga.* 440 (35 S. E. 710). Possession of a deed by a grantee is

37

presumptive evidence of its delivery. *Rushin* v. *Shields,* 11 *Ga.*
636 (56 Am. D. 436) ; *Black* v. *Thornton,* 30 *Ga.* 361. The de-
livery of a deed may be inferred from possession of the land con-
veyed. *Jordan* v. *Pollock,* 14 *Ga.* 145. Here were four pre-
sumptions in favor of the delivery of this instrument. From
either one of them the inference could be drawn that it had been
delivered. They were substantive evidence of its delivery; but
it is insisted that they were rebuttable presumptions, which were
fully rebutted by the uncontradicted testimony of the attorney,
who drew the deed, that it had been left with him in escrow, and
that its possession had been fraudulently obtained from him by the
agent of the vendee, by means of the promise hereinbefore set out.
It is urged that the unimpeached testimony of the attorney can
not be arbitrarily and capriciously disregarded by court or jury.
Where a disinterested witness, who is in no way discredited by
other evidence or his own, testifies from his own knowledge to a
fact which is not in itself improbable or in conflict with other
evidence, the witness is to be believed, and the fact testified to
is to be accepted as legally established. In re Miller, 49 Ore. 452
(90 Pac. 1002, 124 Am. St. R. 1051). It can not be said, as
a matter of law, that the jury is bound to accept evidence as true,
although not contradicted by direct evidence. Cobe *v.* Coughlin
Hardware Co., 83 Kan. 522 (112 Pac. 115, 31 L. R. A. (N. S.)
1126) ; Yonkus *v.* McKay, 186 Mich. 203 (152 N. W. 1031, Ann.
Cas. 1917E, 458) ; Elwood *v.* W. U. Tel. Co., 45 N. Y. 549 (6 Am.
R. 140). The credit of this witness was for the jury. There
were circumstances which the jury could weigh in determining the
weight to be given his testimony. The transaction culminating
in the execution of this deed took place in 1896. The witness was
testifying in 1920. The witness admitted delivering to the agent
of the vendee this deed in violation of the agreement by which
it was lodged with him in escrow, although under circumstances
relieving him from intentional wrong-doing. He further testi-
fied that the agent of the vendee had performed the most onerous
terms and conditions, the performance of which would entitle him
to the possession of the deed. The witness took no steps to re-
cover the deed from the vendee. The claimant took no action
to recover the deed or possession of the premises from her vendee,
who went into possession under the deed, and remained in pos-

session for five or six years and up to her death. The jury could consider these and other circumstances appearing in the evidence, in determining the weight they would give to the testimony of this witness. Besides, there was some evidence as to the delivery of this deed, consisting of the fact that it was actually in possession of the vendee; and when there is any evidence as to the delivery of a deed, it is a question of fact for the jury, and not a question for the court to decide whether there has been a delivery. *Alexander* v. *Lieth,* 39 *Ga.* 180.

Judgment reversed. All the Justices concur.