## RAYMOND v. STRICKLAND.

An electric chandelier, annunciator, and like contrivances or devices attached to the ceiling or walls of a house by a tenant, at his own expense and for his personal comfort and convenience, come within the legal definition of "domestic fixtures," when so placed that they can be readily detached without injury to the premises. In the absence of any understanding to the contrary, such fixtures may be removed by the tenant at any time during his term or occupancy, and even thereafter if he be deprived of the opportunity to remove them by a wrongful retaking of possession of the premises by the landlord. Not being annexed to the rented structure with any view to their becoming permanently attached thereto as a part of the realty, they do not lose their identity as chattels, and a possessory warrant will lie to recover them from a landlord who wrongfully withholds possession thereof from the tenant.

Argued November 28,—Decided December 21, 1905.

Certiorari. Before Judge Felton. Bibb superior court. May 30, 1905.

This litigation originated in a justice's court, from which there issued a possessory warrant sued out by Annie Raymond against Mabel Strickland to recover an annunciator and a chandelier of which the former claimed to be the owner. The following facts appeared on the trial in that court: The plaintiff rented from the

defendant a house in the city of Macon, agreeing to pay twenty-five dollars per week rent. After taking possession, the plaintiff took down an old chandelier, had the house "wired" for electric service, put up a new four-light chandelier, and also an annunciator, at her own expense. A short time thereafter she went on a visit to Jacksonville, Florida, and on her return, within a few days, found that the defendant had taken possession of the house. Plaintiff asked the defendant for the chandelier and the annunciator, but the latter refused to give them up till the plaintiff paid fifty dollars back rent. The chandelier was fastened by screws to the ceiling, and the annunciator was fastened to one of the walls by a large screw. Both were connected with the "wiring" of the house, but could have been readily disconnected by merely cutting the wires, and could have been removed without injury either to the ceiling or wall. The contract of rent did not embrace any special stipulation with regard to the putting in of fixtures of this kind, though they are generally removed by the tenant on vacating a house. Plaintiff was to have the house as long as she paid the rent, and defendant was to retake possession if she did not pay the rent promptly. Before re-entry, the defendant had heard that the plaintiff had left the house and the State with the intention of never returning, and the defendant went to the house and found the same occupied by the servants only, and that nothing was there belonging to the plaintiff except the fixtures referred to above. The plaintiff, on her return, made demand for them, but made of the defendant no demand to be put back into possession of the house. The defendant declined to surrender these fixtures unless the plaintiff paid the fifty dollars rent then past due, which the latter promised to do, but has never done; and the defendant held the fixtures as collateral for the back rent. Later the plaintiff sold them to the person from whom she purchased them, and this person sent a man to the house to remove them, but the defendant declined to deliver them to him, though he produced a written order therefor. The plaintiff then agreed to rescind the sale, restored to the party who bought the fixtures the money paid her for them, and instituted the present action to recover possession of them from the defendant. A judgment in favor of the plaintiff was rendered in the justice's court, and the defendant took the case by certiorari to the superior court. There an order was passed sustaining the certiorari, and the judge entered a final judgment in

.favor of the plaintiff in certiorari, holding that neither the chandelier nor the annunciator was a chattel, and therefore a possessory warrant would not lie for a recovery of the possession of either. To this judgment exception is taken by the defendant in certiorari, who was the plaintiff in the suit brought in the justice's court.

*Glawson & Fowler,* for plaintiff. *Herman Brasch,* for defendant.

EVANS, J. (After stating the facts.) The bill of exceptions recites that the court sustained the certiorari because the articles described in the possessory warrant were not chattels, and possession thereof could not be recovered by possessory warrant; so that the correctness of the judgment excepted to depends upon the classification of the articles as personalty or as fixtures attaching to the realty so as to become part thereof. Our code provides that "anything intended to remain permanently in its place, though not actually attached to the land, such as a rail fence, is a part of the realty and passes with it. Machinery, not actually attached but movable at pleasure, is not a part of the realty." Civil Code, § 3049. Anything detached from realty instantly becomes personalty. Ibid. § 3050. Section 3049 is peculiarly applicable to cases where the fixtures are erected by the owner of the realty, who subsequently sells or mortgages the premises. "When land is conveyed, whatever fixtures are annexed to the realty at the time of the conveyance pass with the estate to the vendee, unless there be some express provision to the contrary; and fixtures pass to a bona fide purchaser of the real estate, notwithstanding an agreement between the owner of the land and the vendor of the fixtures that they should remain personal property. The same rules as to fixtures which apply as between vendor and vendee apply also as between mortgagor and mortgagee." *Cunningham* v. *Cureton,* 96 *Ga.* 492. See also *Waycross Opera House Co.* v. *Sossman,* 94 *Ga.* 100. Where the fixtures are placed on the premises, not by the owner or in pursuance of a contract with him, but by a tenant for his personal use or convenience, a much more liberal rule as to their severance obtains. The tenant can not cut or destroy growing trees, remove permanent fixtures, or otherwise injure the property. Civil Code, § 3119. "A tenant, during the term or a continuation of his tenancy, or while he is in possession under the landlord, may remove fixtures erected by him. After the term and possession are ended, they are regarded as

abandoned to the use of the landlord, and become the latter's property." Civil Code, §3120. This section of the code is to be construed to refer only to trade fixtures; and when so interpreted, it is in entire harmony with all the cognate sections of the code. *Wright v. DuBignon,* 114 *Ga.* 770. A further indulgence is allowed the tenant in removing such ornamental and domestic fixtures as may be annexed to the premises by the tenant for the more advantageous use thereof, provided no material injury results to the realty or to the substantial characteristics of the articles themselves. Domestic fixtures have been held to include ranges and stoves fixed in brick work, furnaces, gas fixtures, pumps, clocks, window blinds, bathtubs, and other chattels annexed for convenience; and the following articles have been considered ornamental fixtures: hangings, tapestry, and pier glasses nailed to the walls or panels of a house; marble chimney-pieces, cornices, etc. Bronson on Fixtures, §§34, 35, and cases cited in note. With regard to domestic and ornamental fixtures, it is very generally held that they may be removed by the tenant, and are to be considered personalty even though annexed; and that any wrongful act or refusal on the part of the landlord with respect to the removal of the tenant's fixtures amounts to a conversion for which an action will lie. Bronson on Fixtures, §109c; *Wright* v. *DuBignon,* supra; *Richards* v. *Gilbert,* 116 *Ga.* 382. An action will not lie for domestic fixtures left annexed after the right of removal has expired.

In the case in hand, the annunciator and chandelier are easily classified as domestic fixtures; the evidence shows that both could be removed without injury to the ceiling or walls of the house. They were the personal chattels of the tenant, and she had the right of removal during her tenancy and possession. A wrongful entry by the landlord could not deprive the tenant of this right. Indeed the landlord did not controvert the tenant's title to the articles, but held them as collateral for past-due rent. Presumably the landlord, by declining to return the fixtures to the tenant on demand therefor, did not question the tenant's right of removal if the rent arrears should be paid. It appears that the tenant, while absent on a visit, left her servants in charge of the house, and before her return the landlord took possession of the house and assumed dominion over the fixtures. On the tenant's return, demand was made for the fixtures, but compliance with this demand was refused. The land-

lord had no right to summarily, without any legal process, eject the servants of the tenant and in that way retake possession of the premises. *Entelman* v. *Hagood, 95 Ga.* 390. Nor would possession obtained by the unauthorized consent of the tenant's servants defeat her right to entry before the termination of the tenancy to remove the fixtures. The landlord's conduct amounted to a conversion of the fixtures, and the tenant had her remedy by possessory warrant to recover possession of them. The court erred in sustaining the certiorari. *Judgment reversed. All the Justices concur.*