15247. BLACKWELL *v.* DANNENBERG COMPANY.

BELL, J. 1. Where an action is brought to enforce payment of a debt for which promissory notes have been pledged as collateral security, it is incumbent upon the plaintiff "either to produce and restore the collateral . . or to satisfactorily account for its nonproduction." Where to a suit upon a note the defendant pleads that other notes were pledged as collateral security to the one sued on, and that the plaintiff has converted the collateral, the value of which the defendant prays to recoup, and where in support of this plea the defendant testifies to the pledge, and that before suit he offered to pay the debt upon return of the

collateral, and that the plaintiff replied that it did not have the collateral, and where it is not produced at the trial, the inference of a conversion as alleged is authorized. *Turner* v. *Commercial Savings Bank,* 17 *Ga. App.* 631 (1) (87 S. E. 918). Such inference is not conclusively rebutted by the testimony of the plaintiff's agent with whom all of the transactions with the defendant were had, to the effect that if the plaintiff ever received such collateral—this fact not being *directly* disputed—it has been lost or misplaced and has never been sold, transferred, or hypothecated, the agent being the plaintiff's secretary, the custodian of its papers, and the only person authorized to dispose of the same, where there was a conflict between the testimony of the agent and that of the defendant as to certain matters material and relevant to the case, and the testimony of the agent was in some material respects inconsistent.

2. There being material conflicts between the testimony of the two witnesses mentioned in the preceding paragraph, and the agent of the plaintiff having testified inconsistently, first that the plaintiff was unwilling to extend the original credit to the defendant with certain land as sole security, and secondly that the land "was really the security that he called for" (this fact apparently being offered as inferential proof that the notes were never pledged), it was error to direct a verdict in favor of the plaintiff for the amount of the note in suit, the value of the collateral appearing, and there being no other evidence which could as a matter of law resolve the issue in favor of the plaintiff.

3. The jury were not bound under the circumstances to accept the testimony of the plaintiff's agent to the effect that if the notes were pledged as the defendant alleged, they were not converted, but lost. *Whiddon* v. *Hall,* 155 *Ga.* 570 (6), 578 (118 S. E. 347); *Redd* v. *Lathem,* 32 *Ga. App.* 214 (123 S. E. 175).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 26, 1924.

Complaint; from Jasper superior court—Judge Park. November 3, 1923.

*A. S. Thurman,* for plaintiff in error.

*Jones, Park & Johnston,* contra.