15861. BANK OF EMANUEL *v.* HALL, for use, etc.

BELL, J.   1. In a suit by a depositor against a bank, upon certificates of deposit issued by the bank to him or his agent, the plaintiff made a prima facie case of liability by proof of the execution and delivery of the certificates as alleged. *Atlanta Trust Co.* v. *Close,* 115 *Ga.* 939 (1). Where in such case the defendant bank sought to rebut the inference of liability by the testimony of the cashier and of the assistant cashier and bookkeeper, each of whom claimed to have personal knowledge of the subject-matter of their testimony, and the testimony of one tended to show that the transactions represented by the certificates were rescinded, and that of the other that the certificates were wholly without consideration from their inception, there was such inconsistency or conflict in their evidence that the question of the credit to be given to each of them was a matter for determination by the jury. Thus, irrespective of whether the defendant's plea was sufficient to let in the defense or defenses sought to be asserted, and of whether the testimony of each of the witnesses was otherwise of such character as to be inherently subject to discredit in the minds of the jury, it can not be held as a matter of law that the prima facie case made in the plaintiff's favor was conclusively rebutted. See *Neill* v. *Hill,* 32 *Ga. App.* 381 (2) (123 S. E. 30); *Redd* v. *Lathem,* 32 *Ga. App.* 214 (1) (123 S. E. 175); *Blackwell* v. *Dannenberg Co.,* 32 *Ga. App.* 307 (123 S. E. 179).

2. A transcript of the testimony taken under the authority of the superintendent of banks in some inquiry within his department, from a witness who was not introduced in the trial of the present controversy, and was not a party thereto, was not admissible in evidence under any of the provisions of the act of August 16, 1919, creating the State banking department (Ga. L. 1919, p. 135; Park's Code Supp. 1922, § 2263 (a) et seq.), and providing among other things that reports of the superintendent of banks and certain reports of banks made to him may, for some purposes, be admissible in evidence.

3. The evidence authorized the finding for the plaintiff in the sum sued

for, and for no reason urged did the court err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 17, 1925. REHEARING DENIED FEBRUARY 14, 1925.

Complaint; from Emanuel superior court—Judge Hardeman. July 14, 1924.

Application for certiorari was denied by the Supreme Court.

*Price & Spivey,* for plaintiff in error. *I. W. Rountree,* contra.

### ON MOTION FOR REHEARING.

BELL, J. The original brief filed for the plaintiff in error, after a statement of the facts, was arranged numerically in two divisions. The first division began as follows: "Considering the general grounds of the motion for new trial, plaintiff in error respectfully contends that the verdict and judgment rendered in favor of the defendant in error is contrary to the evidence and without evidence to support it, and is decidedly and strongly against the weight of evidence, and contrary to law and the principles of justice and equity." After thus stating their contentions generally, and, as we thought, in amplification or explanation of all that was insisted upon thereunder, the counsel proceeded to argue but two propositions under the general grounds of the motion, as follows: that the prima facie case of liability made by proof of the execution and delivery by the bank of the "deposit slips" was indisputably and conclusively rebutted; and that the plaintiff, having alleged a deposit of money, failed to prove his case as laid, in that he only proved by the deposit slips that checks or drafts were deposited, without showing that they were ever paid to or collected by the bank. The second division of the brief dealt with a lone special ground of the motion for new trial, which we disposed of in the second division of the syllabus. In the motion for rehearing it is alleged that in rendering our decision we overlooked some fourteen matters, including facts in the record and decisions and statutes. Several contentions are made in the motion for rehearing which were not mentioned in the original brief. We decided the case upon the particular contentions to which the general statement quoted above appeared to be impliedly limited, and overlooked no fact pertinent and material to their consideration. It is immaterial that we may have referred to the instruments sued on as certificates of deposit when as a matter of fact they were only

deposit tickets or slips. Whether they be called "certificates," "tickets," or "slips," the evidence showed that they were duly issued by the bank as receipts for money or its equivalent deposited, and proof of their execution and delivery made a prima facie case of liability in the plaintiff's favor. This was practically conceded in the brief of the plaintiff in error.

One of the points made in the motion for a rehearing (and not made previously) is that the plaintiff, who was a tax-collector whose bond had been breached, failed to prove, as alleged, that the usee, for whose benefit he sued, was surety upon his bond and had paid the amount of his shortage to the proper county authorities. If the plaintiff proved a cause of action in his own favor, it is immaterial whether he established a right of recovery in another. As was said in *Norcross Mfg. Co.* v. *Summerour,* 114 *Ga.* 156 (39 S. E. 870), "Any plaintiff may, at his option, provided so doing does not prejudice any defense which the defendant may have had, declare his intention to recover for the benefit of any other person [citing cases]. But irrespective of the right of such third person after recovery, to enforce such declaration of intention, it is certainly a matter about which ordinarily a defendant will not be allowed to complain. The liability of the defendant to the person for whose benefit the recovery is sought is not in any way involved in an action of the nature of the one instituted in the present case. It is a matter of no concern to the defendant what becomes of the money which he owes the plaintiff after it is recovered. As to him the words, for use of, etc., are generally mere surplusage."

A further point made for the first time in the motion for a rehearing is, that the plaintiff failed to prove the allegations of the petition to the effect that he had regularly filed his claim with the liquidating agent of the bank, and that the claim had been denied by the State superintendent of banks and notice of such denial given to the plaintiff, and that he brought his suit within ninety days thereafter. It is alleged that we overlooked such failure of proof, as well as section 15 of article 7 of the act of August 16, 1919, to the effect that any suit upon a claim rejected by the superintendent of banks must be brought within ninety days after service of notice of such rejection. The allegations referred to are contained in paragraph 8 of the petition, in which it is averred that the claim, after being regularly presented, was re-

jected by the superintendent of banks on July 19, 1923, and that the plaintiff's attorney acknowledges service of the notice of such denial. The suit was filed on September 13, 1923. The answer admitted the allegations of paragraph 8 of the petition. Proof of such allegation having been dispensed with by the admission in the answer, the ground of the motion now considered is obviously without merit.

The petition alleged that the defendant bank was in charge of a liquidating agent for the State banking department, and that the deposits represented State and county tax funds, and prayed that the claim be established and have priority of payment under subdivisions 1 and 2 of section 19 of article 7 of the act referred to. The verdict found for the plaintiff a stated sum of money,—the amount sued for,—but contained no specific reference to priority. The judgment, however, did order priority of payment as prayed for. There was no express contention in the brief of the plaintiff in error that the alleged deposits did not represent State and county tax funds. Nothing was said in dispute of the right of priority if the plaintiff was entitled to recover, but the attack upon the verdict under the general grounds was that the plaintiff was not entitled to recover at all. The point is made in the motion for rehearing, however, that the evidence failed to show that the deposits represented State and county taxes, even if otherwise made as alleged. It is *not yet* insisted that if the deposits were made from State and county tax funds, the plaintiff would not be entitled to the priority of payment prayed for. Thus, relatively to the matter of priority, the only question presented, even in the motion for rehearing, is, whether the evidence authorized the inference that the deposits were made from such funds. It is urged in the motion that the deposit slips issued to "Joe B. Hall, T. C.," were presumptively for deposits made by Joe B. Hall personally and individually. This is perhaps correct, but the plaintiff testified: "The account of 'Joe B. Hall, T. C.,' was the tax-collector account. The State and county funds were deposited in that account. I did not have any individual funds in that account." While the plaintiff tax-collector did not claim to have personal knowledge of the particular deposits, or alleged deposits, involved in the present controversy, the evidence showed that the account in the name and style stated was carried by the bank as the official account of Hall as tax-col-

lector. With respect to the deposit slips in question, the cashier testified: "I have seen them before. I issued them myself and delivered them to L. S. Proctor. L. S. Proctor was at that time representing the tax-collector, and L. S. Proctor made the deposit in that account." In these circumstances it seems that the burden of evidence was shifted to the bank to show that the deposits did not represent State and county taxes. The evidence as a whole authorized the inference that they did. As stated in the first division of the syllabus, the credibility of the witnesses therein referred to was, under the circumstances, a matter to be determined by the jury.

Whether *under the pleadings* the plaintiff would have been entitled to priority, or whether the verdict should be construed as having included a finding in favor of such priority, are questions upon which no decision has been invoked, and none is made. There is no contention that the judgment did not follow the verdict, and such contention could not have been made under the general grounds of the motion for new trial. Whether the plaintiff in error should be considered as having previously waived a number of the contentions made in the motion for rehearing, we think none of them require a withdrawal of our original decision.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*