### 16604. BLOUNT v. DUNLAP.

BELL, J. 1. This being a claim case involving the title to certain household goods and other personal effects, levied on as the property of the defendant in attachment and claimed by his wife, the property not having been found in the defendant's possession, the burden of proof was upon the plaintiff in attachment. Civil Code (1910), § 5170.

2. Where it appears that a husband and wife were living together during a certain period and were using certain household goods in the family domicile, and the wife returned no property for taxation, but the husband, in the county of their residence and during such period, returned for taxation certain property described in general terms as household goods, and where it does not appear that he owned or was in possession of any other such property, the inference would be authorized that the return as made by him had reference to the household goods in the family domicile. That the property was returned by the husband and that it was not returned by the wife were circumstances which could be considered by the jury on the trial of the claim. *McLendon* v. *Dunlap Hdw. Co.*, 3 *Ga. App.* 206 (59 S. E. 718); *Smith* v. *Haire*, 58 *Ga.* 446 (1); *Morris* v. *Winkles*, 88 *Ga.* 717 (1) (15 S. E. 747); *Dozier* v. *McWhorter*, 117 *Ga.* 786 (4) (45 S. E. 61).

3. Possession by the husband with the wife, in the family domicile, is presumably his possession, and possession is evidence of ownership. *Primrose* v. *Browning*, 59 *Ga.* 70 (1); *Broome* v. *Davis*, 87 *Ga.* 584 (1) (13 S. E. 749); *Garrard* v. *Hull*, 92 *Ga.* 787 (2) (20 S. E. 357); *Austin* v. *Southern Home Bldg. & Loan Asso.*, 122 *Ga.* 439 (4) (50 S. E. 382); *Smith* v. *Berman*, 8 *Ga. App.* 262 (2) (68 S. E. 1014); *Young* v. *State*, 22 *Ga. App.* 111 (2) (95 S. E. 478). Proof that the various articles of property were the goods of the household and had been used as such until they were packed and stored for safekeeping (in October, 1923) when the husband with his family removed to another State, together with evidence that the property had been returned by the husband for taxation in the years 1923 and 1924, and that it had not been returned by the wife, made out a prima facie case of title in the husband at the time of the seizure in August, 1924, and, in the absence of evidence demanding a contrary conclusion, was sufficient to authorize a finding in favor of the plaintiff in attachment on the issue arising on the claim.

4. It can not be said, as a matter of law, that the inferences deducible

from the facts above referred to were conclusively explained and rebutted, where the only testimony which in any way tended in that direction was that of the claimant herself, and where there were circumstances which the jury could weigh in determining the credit to be given to her testimony. She testified that although she and her husband had been married and living together for more than twenty years, "he never did own any household goods, and does not own any now." While she testified that some of the goods had been purchased with funds given to her by her husband, that some had been bought with money which she had earned, and that some had been acquired in other ways, she accounted specifically for her title to only two or three of the many articles in question, and only knew "in a general way" that the others were hers. There was no effort to show why the property had not been returned by herself for taxation. She was directly interested as a party to the case. Although interest alone would probably not have been enough to authorize the jury to discredit her testimony, they could consider it with the other circumstances; and, in view of all the circumstances as just enumerated, this court can not hold that the jury were bound to find in accordance with her testimony. *Whiddon v. Hall*, 155 *Ga.* 570 (6) (118 S. E. 347); *Redd v. Lathem*, 32 *Ga. App.* 214 (1) (123 S. E. 175); *Blackwell v. Dannenberg Co.*, 32 *Ga. App.* 307 (2, 3) (123 S. E. 179).

5. The verdict found in favor of the plaintiff in fi. fa. was authorized. The court did not err in overruling the motion for a new trial, based upon the usual general grounds only.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 19, 1925.

Claim; from Bibb superior court—Judge Malcolm D. Jones. May 25, 1925.

*R. D. Feagin, H. B. Bell,* for plaintiff in error.

*John J. McCreary, Wallace Miller,* contra.