## 18854. CONTINENTAL TRUST CO. v. TENNILLE BANKING CO.

BELL, J. This case is similar in its facts to the case of *Continental Trust Co. v. Bank of Harrison*, 36 *Ga. App.* 149 (136 S. E. 319), and is the identical case previously before this court (36 *Ga. App.* 156, 136 S. E. 323), wherein a verdict for the defendant was set aside and a new trial ordered. The applicable principles of law were adjudicated in those cases and in *Continental Trust Co. v. Bank of Harrison*, 162 *Ga.* 758 (134 S. E. 775, 50 A. L. R. 412), and the only question now presented is whether the verdict for the plaintiff upon the second trial was authorized by the evidence. *Held:*

1. The defendant having admitted the making of the warranties sued on can not now claim that in selling the paper it was acting only as a broker, and for that reason should not be held to such obligations. Furthermore, the evidence did not demand a finding that, if the defendant was really acting as broker, this fact was known to the plaintiff.

2. The evidence for the plaintiff, apart from that of the defendant, made a prima facie case (*Tennille Banking Co. v. Continental Trust Co.*, 36 *Ga. App.* 156, 136 S. E. 323), and this was not conclusively rebutted by the defendant's evidence. And this is true even though it may have appeared without dispute, from the evidence as a whole, that there were other sufficient means of identifying the cotton where the receipts did not bear the tag numbers, and thus that the receipts were not spurious. The jury could still have found, from all the evidence, that the cotton was not in existence and in the hands of the bailee at the times when the defendant made the warranties. There were material conflicts in the testimony, besides evidence of admissions and other circumstances, in view of which it was the province of the jury to determine the credibility of the witnesses by whom the defendant sought to establish its contentions. *Whiddon* v. *Hall*, 155 *Ga.* 570, 578 (118 S. E. 347); *Chero-Cola Bottling Co.* v. *Southern Express Co.*, 29 *Ga. App.* 656 (2, 3) (116 S. E. 325); *Redd* v. *Lathem*, 32 *Ga. App.* 214 (1) (123 S. E. 175); *Blackwell* v. *Dannenberg Co.*, 32 *Ga. App.* 307 (2, 3) (123 S. E. 179); *Haas* v. *Godby*, 33 *Ga. App.* 218 (1 c) (125 S. E. 897).

3. The verdict for the plaintiff was authorized, and there was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 22, 1929.

*Anderson, Rountree & Crenshaw,* plaintiff in error.
*E. W. Jordan, J. K. Jordan,* contra.