### 21631. RUCKER *v.* HUNT *et al.*

BELL, J. 1. In the trial of a claim case involving the title to personalty, in which there was an issue as to whether the property belonged to the claimant or to his son, where it appeared, from the evidence, that the property had been purchased on credit from a dealer, and that the son and not the father executed a note and a conditional-sale contract reserving title in the dealer until payment of the purchase-money, and that the property was then placed in the possession of the son, though on land of the father, and was used by the son and another as a fixture in a filling station operated by them; and that, although the son, on later severing his connection with the filling station, left the property in the possession of his former partner, he still undertook to exercise ownership over it, as by requesting the former partner to sell or dispose of it for his use, the evidence did not demand a finding in favor of the claimant as to title, but authorized the inference that the title was in the son, notwithstanding the father and the son each testified that both were present at the original purchase of the property and that it was really bought by the father, who told his son to sign his, the son's, name to the contract, as he, the father, could not write, and that the father merely loaned the property to his son; and that all of the purchase-money was later paid by the father. In view of all the circumstances, the credibility of these witnesses was a matter for the jury, although their evidence as to their intention and conduct in relation to the original purchase was not directly contradicted. *Whiddon* v. *Hall,* 155 *Ga.* 570, 578 (118 S. E. 347); *Redd* v. *Lathem,* 32 *Ga. App.* 214 (123 S. E. 175); *Continental Trust Co.* v. *Tennille Banking Co.,* 39 *Ga. App.* 163 (2) (146 S. E. 566).

2. Moreover, even if it be true that the father was the actual purchaser and paid the entire purchase-money, the evidence authorized the inference of a gift from the father to the son, so that the title to the property was in the son, and not the father, upon the payment of the purchase-money and satisfaction of the conditional sale. Civil Code (1910), § 3740; *Crawford* v. *Manson,* 82 *Ga.* 118 (8 S. E. 54); *Roberts* v. *Griffith,* 112 *Ga.* 146 (37 S. E. 179); *Wilder* v. *Wilder,* 138 *Ga.* 573, 576 (75 S. E. 654); *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236); *Brown* v. *Burke,* 22 *Ga.* 574.

3. The property being an air-compressor used to furnish free air at a filling station, evidence that the instrument was merely "bolted to the floor" and that a pipe extended from it "through the floor and under the ground and into the outside building," and that the instrument was placed by the son in a filling station occupied by himself and another as lessees of the father, was sufficient to warrant the conclusion that the air-compressor

was a mere trade fixture subject to removal by or at the instance of the son when he ceased to use the premises as a lessee. This ruling is not altered by the fact that the father may have charged no rent for the building during the period of its occupancy by his son. See, in this connection, Civil Code (1910), §§ 3621, 3696; *McCall* v. *Walter*, 71 *Ga.* 287, 290; *Wright* v. *DuBignon*, 114 *Ga.* 765 (40 S. E. 747, 57 L. R. A. 669); *Raymond* v. *Strickland*, 124 *Ga.* 504 (52 S. E. 619, 3 L. R. A. (N. S.) 69).

4. "Where property has been levied on and a claim interposed, the claimant can not, for the purpose of protecting the property, show paramount title in a third person." *Rowland* v. *Gregg*, 122 *Ga.* 819 (50 S. E. 949); *Stirks* v. *Johnson*, 99 *Ga.* 298 (25 S. E. 648); *Evans Marketing Agency* v. *Federated Fruit & Vegetable Growers*, 170 *Ga.* 30, 35 (152 S. E. 49). If the property did not belong to the claimant, he can not complain that the mortgage foreclosed and relied on by the plaintiff in fi. fa. was executed by another, who purported to represent the real owner (the claimant's son), but was acting without authority in doing so. It is therefore unnecessary to decide whether the mortgage was in fact executed by authority of the claimant's son.

5. The evidence authorized the verdict in favor of the plaintiff in the mortgage fi. fa., and the court did not err in overruling the claimant's motion for a new trial based upon the general grounds only.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 19, 1932.

*W. H. Dorris,* for plaintiff in error.
*O. E. Scott, J. W. Dennard,* contra.