## COCKE *et al. v.* HOYL.

No. 10436. APRIL 11, 1935.

*W. L. Ferguson, H. A. Wilkinson,* and *Henry A. Wilkinson Jr.,* for plaintiffs.

*R. R. Marlin* and *R. R. Jones,* for defendant.

BELL, Justice. A petition when considered on general demurrer must be construed most strongly against the plaintiff. Cocke, the alleged owner of 30 shares of bank stock, pledged the certificates therefor to A. J. Hill to secure a note for $2851.20 payable January 1, 1930. The present suit was filed June 19, 1934. At that time the note, with interest, amounted to more than $3500. In the absence of any allegation as to the value of the stock, it is proper to assume that such value did not exceed the amount of the debt. It appears that A. J. Hill, after receiving the stock in pledge, hypothecated it to Mrs. Hoyl to secure a larger debt of his own; and it is contended that this amounted to a conversion for which his administrator could not be held accountable. Cf. *Alexander* v. *Dean,* 29 *Ga. App.* 722 (116 S. E. 643); *Alexander* v. *Dean,* 157 *Ga.* 280 (121 S. E. 238). Even if the petition shows a wrong for which the administrator might not be held liable in an action in tort, it does not follow that Cocke, the original pledgor, would be without remedy against such administrator. It is alleged that the note executed by Cocke is past due and in the hands of the administrator of the payee. In these circumstances, in case of suit thereon, Cocke would be permitted to recoup, ex contractu, for any conversion of the stock by such payee. *Turner* v. *Commercial Savings Bank,* 17 *Ga. App.* 631 (87 S. E. 918); *Bennell* v. *Tucker,* 32 *Ga. App.* 288, 290 (123 S. E. 165); *Blackwell* v. *Dannenberg Co.,* 32 *Ga. App.* 307 (123 S. E. 179). The fact that the estate of A. J. Hill may be insolvent is immaterial, since it does not appear that the value of the stock has at any time exceeded the amount of the debt.

Furthermore, if the petition should be considered as showing that Mrs. Hoyl did not take the stock as an innocent purchaser for value, she at least acquired the rights of Hill; and Cocke, the alleged owner, could not recover the stock from her without first paying the debt to Hill, for which he pledged the stock as security. If, on the other hand, Mrs. Hoyl should be considered as an innocent purchaser for value, she would have the right, as against Cocke,

**556**

to sell the stock in pursuance of the pledge agreement between her and Hill, and she could not be prevented from doing so merely because Cocke might in such case be left without remedy against the estate of Hill. See Civil Code (1910), §§ 4119, 4537; *Lilly* v. *Citizens Bank*, 44 *Ga. App.* 653 (162 S. E. 639). In any view of the case the petition failed to state a cause of action, and the court did not err in sustaining the general demurrer and in denying an injunction. *Judgment affirmed. All the Justices concur.*