IRVIN v. SMITH et al.

No. 12102.  JANUARY 15, 1938.

388

*Joseph O. McGehee,* for plaintiff. *G. W. Huling,* for defendant.

BELL, Justice. Even if, as contended by the plaintiff, the defendant Booker Smith, who installed the hydraulic uplift, is limited in his right of removal to the same extent as the original lessee, J. D. Thomason Inc., would have been, and if the consent of the latter could be of no effect toward placing the transaction without the control of the contract, the judge did not err in refusing an injunction. As to the right of removal, the contract provided only that "all improvements erected on said land" should become the property of the lessor, and did not determine such right as to property of other kind. Accordingly, if this appliance does not fall within the phrase quoted, the rights of the parties are to be determined by law, without regard to the express agreement between the parties. It was stipulated, first, that the lessee should have the right to place on the land "all such buildings, pumps, underground tanks, and other improvements as may be necessary and incident to the conduct of a filling-station for the dispensing of petroleum products, tires, and automobile accessories." It was next agreed that all "improvements erected on said land" shall become the property of the lessor. Whether or not the word "improvements" should be given the same meaning in each of these clauses, there was no evidence to show that this hydraulic uplift should be treated as an improvement within the meaning of either clause. When the agreement is considered as a whole, including the stipulation that the lessor would pay all taxes due "on the land and improvements," it is clear that the stipulation that the improvements shall become the property of the lessor refers only to improvements in the realty itself, and does not apply to a mere chattel used by the lessee in connection with his business. Whether or not it might embrace any of the class of *fixtures* which are

ordinarily removable by the tenant need not be decided under the facts now presented. Code, § 61-110; *Wright* v. *DuBignon*, 114 *Ga.* 765 (40 S. E. 741, 57 L. R. A. 669) ; *Raymond* v. *Strickland*, 124 *Ga.* 504 (52 S. E. 619, 3 L. R. A. (N. S.) 69) ; *Georgia Railroad & Banking Co.* v. *Haas*, 127 *Ga.* 187 (4) (56 S. E. 319, 119 Am. St. R. 327, 9 Ann. Cas. 677) ; *Armour & Co.* v. *Block*, 144 *Ga.* 295 (87 S. E. 18), s. c. 147 *Ga.* 639 (95 S. E. 228) ; *Mayor &c. of Gainesville* v. *Dunlap*, 147 *Ga.* 344 (4) (94 S. E. 247) ; *Wofford Oil Co.* v. *Weems-Fuller Co.*, 166 *Ga.* 173, 175 (142 S. E. 887) ; 36 C. J. 176, 178, §§ 827, 829; 16 R. C. L. 788, § 282; Lindsay v. Curtis Publishing Co., 236 Pa. 229 (84 Atl. 783, 42 L. R. A. (N. S.) 546) ; Hartberg v. American Founders' Securities Co., 212 Wis. 104 (249 N. W. 48, 91 A. L. R. 536). There was no evidence to show that the hydraulic uplift was in any way attached to the realty, or that it was an "improvement erected on said land." So far as shown by the evidence, the appliance may have been a mere chattel. *Cozart* v. *Johnson*, 181 *Ga.* 337 (182 S. E. 502).

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hutcheson, J., who dissent.*